**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS BEN MARTIN,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO SUPPRESS<br><br>Case No. 2:11-CR-108 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge<br><br>FOR PUBLICATION |

Travis Ben Martin, who is currently serving a term of supervised release, moves to suppress evidence found and statements made during a warrantless search of his residence and vehicle. The court denies the motion.

**I.**

On July 26, 2012, Mr. Martin pleaded guilty in federal court to one count of bank robbery and one count of being a felon in possession of a firearm. *See* Dkt. No. 149. After approximately seven years in prison, Mr. Martin was released to supervision. *See* Dkt. No. 164.

On October 11, 2020, local police officers responded to a domestic disturbance call at Mr. Martin's residence. *See* Dkt. No. 206 at 5. The officers detained Mr. Martin, performed a warrantless search of his residence and vehicle, and found (among other things) illegal drugs, drug-related paraphernalia, and two machetes. *See* Dkt. No. 206 at 5–6; Dkt No. 221 at 2.

Four days later, Mr. Martin was charged in state court with aggravated kidnapping and possession of a dangerous weapon by a restricted person. *See* Dkt. No. 226 at 2. After an

evidentiary hearing, the state court denied Mr. Martin's motion to suppress evidence found and statements made during the October 11, 2020 search, and Mr. Martin was ultimately convicted of both charges. *See* Dkt. No. 206 at 6.

In this court, Mr. Martin faces allegations that he violated the conditions of his supervised release. *See* Dkt. Nos. 170, 172, 180, 181, 215, 225. Mr. Martin moves to suppress all evidence found and statements made during the October 11, 2020 search from being used in the supervised release revocation proceedings. *See* Dkt. No. 221.

## II.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," but "contains no provision expressly precluding the use of evidence obtained in violation of its commands." *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Nevertheless, long-standing Supreme Court doctrine establishes the exclusionary rule, which, when applicable, bars the Government from using evidence obtained in violation of the Fourth Amendment. *See Herring v. United States*, 555 U.S. 135, 139 (2009).

The exclusionary rule does not apply in every type of proceeding, however. In *Pennsylvania Bd. of Prob. & Parole v. Scott,* for example, the Supreme Court held that the exclusionary rule does not apply in parole board hearings. *See* 524 U.S. 357, 363 (1998)*.* The Court explained that it has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." *Id.* at 363. The Court has refused to extend the rule to grand jury proceedings. *See United States v. Calandra,* 414 U.S. 338, 343–346, 349–350 (1974). It has refused to extend the rule to habeas corpus proceedings. *See Stone v. Powell*, 428 U.S. 465, 481 (1976). It has refused to extend the rule to civil tax proceedings. *See United States v. Janis,* 428

U.S. 433, 454 (1976). And it has refused to extend the rule to deportation proceedings. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050 (1984).

Following *Scott* and its reasoning, the courts of appeals that have confronted this issue have concluded that the exclusionary rule does not apply in supervised release revocation proceedings. *See, e.g.*, *United States v. Hill*, 946 F.3d 1239, 1241–42 (11th Cir. 2020); *United States v. Charles*, 531 F.3d 637, 640 (8th Cir. 2008); *United States v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000); *United States v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999); *cf. United States v. Montez*, 952 F.2d 854, 857–59 (5th Cir. 1992) (reaching the same conclusion before *Scott*). In a recent decision adopting this conclusion, the Seventh Circuit noted that extending the exclusionary rule to supervised release revocation proceedings would "put [that court] in direct conflict with every other court of appeals to consider the question." *United States v. Phillips*, 914 F.3d 557, 560 (7th Cir. 2019) (citations omitted). The Seventh Circuit further explained that its conclusion followed ineluctably from the Supreme Court's holding in *Scott* that the exclusionary rule does not apply in parole hearings:

> In both instances, when the reason for revocation is the commission of a new crime, the prosecuting authority has the option to revoke a defendant's parole or supervised release rather than pursue a new case. If the Supreme Court found the added deterrence benefits insufficient to justify the exclusionary rule in a parole hearing, logic compels the conclusion that the same result must apply for supervised release.

*Id.* at 559.

To be sure, the Tenth Circuit has not faced this exact issue yet. But district courts within the circuit have declined to extend the exclusionary rule to supervised release proceedings for essentially the same reasons articulated by the Seventh Circuit and other circuits that have addressed the issue. *See, e.g.*, *United States v. Profit*, 2021 WL 5050050, at *3 (D. Kan. Nov. 1, 2021); *United States v. Tran*, 2019 WL 1002592, at *2 (D. Kan. Mar. 1, 2019).

What is more, the Tenth Circuit has conclusively held that the exclusionary rule does not apply in *probation* revocation proceedings. *See United States v. Finney*, 897 F.2d 1047, 1047 (10th Cir. 1990) ("This appeal presents the question of whether the exclusionary rule is applicable in federal probationary hearings. Joining seven other circuits, we hold that it is not."). The court agrees with Judge Broomes' conclusion in *Tran* that supervised release revocation "is materially indistinguishable from probation revocation insofar as the deterrent effect on law enforcement officers and the societal costs from excluding reliable evidence are concerned." 2019 WL 1002592, at *3.

Based on the decisions of the Supreme Court and Tenth Circuit in closely analogous contexts in *Scott* and *Finney*, as well as the overwhelming weight of persuasive authority addressing the precise question at issue here, the court concludes that the exclusionary rule does not apply in supervised release hearings. It follows that Mr. Martin's motion to suppress must be denied.[1]

### III.

Even if the exclusionary rule did apply in supervised release revocation proceedings, excluding evidence and testimony obtained from the challenged search would have no effect on Mr. Martin's pending revocation proceedings. The only remaining allegations are that Mr. Martin violated the mandatory condition of supervision that he "not commit another federal, state or

---

[1] In the past, some cases left open the possibility that that the exclusionary rule might apply "in a probation revocation proceeding if the police knew or had reason to know that the target of their search was a probationer." *United States v. Bazzano,* 712 F.2d 826, 833 n.1 (3d Cir. 1983). And in *Finney*, the Tenth Circuit declined to decide "[w]hether such an exception should be created." 897 F.2d at 1048. The Supreme Court likely closed the door on this possibility in *Scott*, however, expressly refusing to create an exception to its holding that the exclusionary rule does not apply in parole proceedings "for those situations in which the officer performing the search knows that the subject of his search is a parolee." 524 U.S. at 367–68.

local crime." *See* Dkt. No. 225. And Mr. Martin's state court convictions are the only evidence cited in support of these allegations. *See id.*

Regardless of whether these state court convictions were based in part on evidence and testimony resulting from the challenged search, Mr. Martin cannot collaterally attack those convictions in this proceeding. The Supreme Court has held it obvious that "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972). And in *United States v. Engles*, the Tenth Circuit expressly extended this principle to supervised release revocation proceedings, rejecting a defendant's attempt to collaterally attack his state court conviction during such a proceeding. *See* 779 F.3d 1161, 1162–63 (10th Cir. 2015). The Tenth Circuit explained that a supervised release revocation proceeding is an inappropriate vehicle for such a collateral attack because the court's decision to revoke is "based on a stand-alone state court conviction rather than its own interpretation of federal law or the underlying facts of the offense." *Id.* at 1163. Instead, the defendant "must challenge the conviction itself, rather than the revocation of supervised release." *Id.*

Other circuits have repeatedly reached the same conclusion. As stated by the Second Circuit, the "validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003); *see also United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam) (holding that "a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation"); *cf. United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) ("Irrespective of the merits of [the defendant's] claim, an appeal from a probation

revocation is not the proper avenue for a collateral attack on the underlying conviction. The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned.") (internal citations omitted); *United States v. Torrez–Flores*, 624 F.2d 776, 780 (7th Cir. 1980) (similar).[2]

\* \* \*

Because the exclusionary rule does not apply to supervised release revocation hearings, and because Mr. Martin cannot collaterally attack his state court conviction in a supervised release revocation proceeding in all events, the motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

DATED this 19 day of October, 2022

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] Even if Mr. Martin sought collateral review of his state court convictions in the procedurally appropriate manner—through a habeas corpus proceeding under 28 U.S.C. § 2254—the relief that he seeks would likely still be unavailable. Although Mr. Martin maintains that his state convictions rest on evidence and testimony derived from an unconstitutional search and seizure, the Supreme Court has made crystal clear that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. Mr. Martin offers no reason to believe that the state proceedings that resulted in his conviction—during which he litigated and lost a motion to suppress—were inadequate or unfair.