UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TRAVIS BEN MARTIN,<br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO CORRECT<br><br>Case No. 2:11-CR-00108 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Travis Ben Martin moves to correct the written judgment reflecting his conviction and sentence pursuant to Federal Rule of Criminal Procedure 36. The court previously recounted the facts of this case in its memorandum decision and order denying Mr. Martin's motion to suppress. *See* Dkt. No. 234. As relevant here, Judge David Nuffer sentenced Mr. Martin to 120 months' imprisonment and three years' supervised release on October 1, 2012. *See* Dkt. No. 154. The judgment entered on the docket in Mr. Martin's case includes Standard Condition 14, which requires that

> [t]he defendant shall submit his or her person, residence, office, or vehicle to search, conducted by the probation office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Dkt. No. 156 at 3. Mr. Martin asks the court to correct the written judgment by removing this standard condition. The court denies Mr. Martin's motion.

Federal Rule of Criminal Procedure 36 provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In an unpublished opinion, the Tenth Circuit has explained

that "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk might commit, mechanical in nature." *United States v. Kieffer*, 702 F. App'x 734, 737 (10th Cir. 2017) (cleaned up). The Tenth Circuit accordingly held that "removing terms of supervised release from a written judgment" is beyond the reach of this Rule. *Id.* (*citing United States v. Tuyen Vu Ngo*, 556 F. App'x 752, 754 (10th Cir. 2014)). Yet that is the precise relief Mr. Martin seeks.

Mr. Martin argues that Judge Nuffer did not impose Standard Condition 14 when he pronounced sentence. Invoking the well-established rule that "orally pronounced sentences trump written judgments when the two conflict," Mr. Martin requests correction of the written judgment to conform to Judge Nuffer's oral sentence. *Id.* at 738 (*citing United States v. Bowen*, 527 F.3d 1065, 1080 (10th Cir. 2008)).

When Judge Nuffer pronounced sentence, he expressly ordered that "[t]he defendant will comply with standard conditions of supervised release." Dkt. No. 191 at 17. He then went on to order that Mr. Martin

> [s]hall not commit a federal, state, or local crime; shall be prohibited from possessing a firearm or other dangerous device; may not illegally possess a controlled substance; shall participate in a substance abuse evaluation and treatment program with a co-payment as directed by probation, and during treatment will not consume alcohol or frequent any establishment where alcohol is the primary item of order.

*Id.* Because the transcript contains a colon rather than a semicolon between the order that Mr. Martin comply with the standard conditions and the orders that he comply with the conditions listed next, Mr. Martin contends that Judge Nuffer "limited the 'standard conditions' to those four conditions listed after the colon." Dkt. No. 245 at 2.

The court has carefully listened to the recording of Mr. Martin's sentencing hearing. Nothing in Judge Nuffer's inflection or timing suggests that the conditions listed after Judge

2

Nuffer's reference to standard conditions were intended to enumerate the court's standard conditions or otherwise to limit or qualify those conditions. Rather, it appears that the use of the colon instead of a semicolon was a typographical error made by the court reporter. That none of the conditions listed after Judge Nuffer ordered Mr. Martin to comply with the standard conditions are among the court's standard conditions reinforces this conclusion. Instead, the prohibition of Mr. Martin's committing another crime or possessing a firearm or controlled substances, as well as the requirement that he participate in a substance abuse evaluation and treatment, are all either mandatory conditions of supervision required by statute or special conditions authorized by statute. *See* 18 U.S.C § 3583(d); *id.* § 3563(b)(8)–(9). To read Judge Nuffer's sentence as Mr. Martin urges would lead to the implausible conclusion that Judge Nuffer imposed none of the court's actual standard conditions but instead mislabeled mandatory and special conditions as standard conditions.

     Based on its review of the recording, the court concludes that Judge Nuffer unambiguously imposed the court's standard conditions of supervised release. But even if Judge Nuffer's oral sentence were ambiguous, the Tenth Circuit has held that terms of supervised release may be "subsequently clarified by the district court's completion and filing of the J & C." *Tuyen Vu Ngo*, 556 F. App'x at 754; *see also United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987) (noting that an ambiguity in the oral pronouncement of a sentence can be resolved by consulting the J & C). Here, the judgment form, completed and signed by Judge Nuffer, contains the standard conditions of supervised release—including Standard Condition 14—along with the mandatory and special conditions imposed. *See* Dkt. No. 156. It cannot be said that the judgment form and the oral ruling conflict. Rather, the judgment form clarifies any ambiguity in the oral ruling.

3

Noting typographical differences between Standard Condition 14 and the other standard conditions, as well as the absence of this Standard Condition from a previous sentence imposed by this court, Mr. Martin also contends that Standard Condition 14 was not in effect at the time Judge Nuffer imposed sentence and entered the written judgment but was instead corruptly added to the judgment after the fact.

The court has investigated Mr. Martin's allegations and determined that Standard Condition 14 was in effect and routinely imposed at the time of Mr. Martin's sentencing. As best the court can tell, the District of Utah adopted this standard condition in 2011. In all events, other judgments contemporaneous with and preceding Mr. Martin's sentencing include the same condition.[1] And although Mr. Martin questions the procedural and substantive propriety of the court's adoption and routine imposition of this standard condition, these issues go well beyond the scope of a motion to "correct a clerical error" or "an error . . . arising from oversight or omission." Fed. R. Crim. P. 36. The court notes that when it initially construed Mr. Martin's motion as one to correct his sentence, Mr. Martin clarified that such a motion "is barred due to the waiver in [his] plea agreement" and that he sought relief under Rule 36 only. Dkt. No. 238.

Finally, Mr. Martin argues that he did not have presentence notice of Standard Condition 14 and therefore could not object to it. But this argument also goes beyond the narrow scope of a motion to correct under Rule 36. The court does, however, note that Mr. Martin had notice of Standard Condition 14 no later than when he was placed on supervised release on July 12, 2019. At that time, Mr. Martin signed a 7A form acknowledging the mandatory, standard, and special conditions of supervised release—including Standard Condition 14.

---

[1] The typographical differences noted by Mr. Martin appear to result from the manner in which the District of Utah generated its list of standard conditions—the court appears to have manually added Standard Condition 14 to a form prepared by the Administrative Office of the Courts that contained Standard Conditions 1–13.

4

\* \* \*

For the foregoing reasons, Mr. Martin's motion to correct the written judgment pursuant to Federal Rule of Criminal Procedure 36 is **DENIED**.

**IT IS SO ORDERED.**

DATED this 18th day of May, 2023.

Howard C. Nielson, Jr.
United States District Judge